1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9
10

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  H.D.A., | Case No.  1:22-cv-00384-DAD-SAB |
| 12        Plaintiff, | ORDER APPOINTING ADRIANNA SALGADO AS GUARDIAN AD LITEM |
| 13     v. | FOR PLAINTIFF H.D.A. |
| 14  COUNTY OF STANISLAUS, et al., | (ECF No. 3) |
| 15        Defendants. | |

16

17    On March 31, 2022, Adrianna Salgado filed this action on behalf of Plaintiff H.D.A.

18 ("Plaintiff"), a minor, asserting claims pursuant to 42 U.S.C. § 1983 and state law.  (ECF No. 1.)

19 Concurrently with the complaint, a petition to appoint Adrianna Salgado ("Petitioner") as

20 guardian ad litem for Plaintiff was filed.  (ECF No. 3.)

21    Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor

22 or incompetent person may sue or defend on the minor or incompetent person's behalf.  Fed. R.

23 Civ. P. 17(c).  This requires the Court to take whatever measures it deems appropriate to protect

24 the interests of the individual during the litigation.  U.S. v. 30.64 Acres of Land, More or Less,

25 Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  The appointment

26 of the guardian ad litem is more than a mere formality.  Id.  "A guardian ad litem is authorized to

27 act on behalf of his ward and may make all appropriate decisions in the course of specific

28 litigation."  Id.  A guardian ad litem need not possess any special qualifications, but he must "be

1

1 | truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T

2 | Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015).  This means that the

3 | guardian ad litem cannot face an impermissible conflict of interest with the ward and courts

4 | consider the candidate's "experience, objectivity, and expertise" or previous relationship with the

5 | ward.  Id. (citations omitted).

6 | "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests

7 | of each are the same, no need exists for someone other than the parent to represent the child's

8 | interests under Rule 17(c)."  Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212

9 | F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as a guardian ad litem, there

10 | are situations where the best interests of the minor and the interests of the parent conflict.

11 | Anthem Life Ins. Co. v. Olguin, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2

12 | (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of right to act as guardian

13 | ad litem for the child.  Id., at *2.

14 | The Court has considered the petition of Adrianna Salgado for appointment as guardian

15 | ad litem for H.D.A., and finds that no conflict that would preclude her serving as a guardian ad

16 | litem for H.D.A.  (ECF No. 3.)  The filing indicates H.D.A. is the son of Adrianna Salgado, that

17 | he resides with Ms. Salgado, and that Ms. Salgado is competent to be H.D.A. guardian and has

18 | no interests adverse to H.D.A.'s claims.

19 | Accordingly, IT IS HEREBY ORDERED that ADRIANNA SALGADO is appointed

20 | guardian ad litem for minor H.D.A.

21 |

22 | IT IS SO ORDERED.

23 | Dated:   **April 1, 2022**

UNITED STATES MAGISTRATE JUDGE

2